## Young v. Pratt.

*Civil rights — Race discrimination — Action for penalty — Good faith of patron immaterial, when.*

In an action to recover a penalty under Section 12941, General Code, providing against racial discrimination in public places, good faith on the part of such guest or patron is immaterial.

(Decided March 3, 1919.)

Error: Court of Appeals for Cuyahoga county.

*Mr. H. E. Davis,* for plaintiff in error.
*Messrs. David & Heald,* for defendant in error.

Dunlap, J. The plaintiff in error, Francis Young, who was plaintiff below, brought this action in the municipal court to recover a penalty under Section 12941, General Code, also called the Civil Rights Act, for alleged wrongful discrimination, in that the defendant, F. J. Pratt, who was the proprietor of a restaurant, refused to serve plaintiff, a colored man, a meal, because of his color, thereby denying to him the advantages and privileges specified in said section. The trial resulted in a verdict and judgment for the defendant, and it is here sought to reverse that judgment.

There are two errors alleged, one upon the admission of evidence and the other upon the charge of the court. The two matters may be treated together, as the error, if there was any, can hardly be claimed if the charge of the court was correct.

The part of the charge complained of as erroneous is as follows:

"Was he a *bona fide* guest or patron of that place for that purpose, and was he refused on account of his color? That is the issue for you to determine. If you do determine that he was a *bona fide* guest and a patron of that place and was refused on account of his color, if you determine it by the greater weight of the evidence, then it will be your duty to find in his favor in a sum of not less than fifty dollars and in a sum not to exceed five hundred dollars. However, I charge you that in the event you find that the plaintiff in this action did not seek the public accommodation of this defendant as a *bona fide* guest or as a *bona fide* patron and went there solely and only for the purpose of attempting to obtain a refusal, solely and only for the purpose of stirring up litigation, then I say to you that he can not recover under this statute, because this statute was enacted for the sole and only purposes of protecting a *bona fide* guest and patron of public accommodation places and not for the purposes of financial benefit to any one who attempted to stir up litigation by the use of this statute."

This novel doctrine of *bona fides,* so far as our own research, aided also by the diligence of counsel, discloses, has never before been charged or maintained in any reported case of a similar nature, and we hesitate to stamp so novel a doctrine with the seal of our approval.

The section of the statute under which this suit is brought is unambiguous, and a recovery under the same can not be made to depend upon the in-

tent in the mind of the person seeking the accommodation. In our opinion, if such had been the intent of the legislature in the passing of this law, the same would have been set out in appropriate words therein. We find no words in this statute that give a colorable right to a court to charge as was done in this case, and we think that to so charge was prejudicial error for which this judgment must be reversed.

*Judgment reversed, and cause remanded.*

WASHBURN and VICKERY, JJ., concur.